**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10204 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00824-SRB-3 |
| v. | |
| NICOLAS AGUILAR-MONTOYA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted October 12, 2011
San Francisco, California

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Nicolas Aguilar-Montoya was convicted for possession of marijuana with intent to distribute and conspiracy to do the same, and was sentenced to 42 months' imprisonment. He appeals his conviction and sentence. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Aguilar-Montoya contends, first, that he is entitled to a new trial because the prosecutor made statements in his closing arguments that improperly injected his personal opinions into the trial. Because Aguilar-Montoya failed to object at trial to any of the prosecutor's statements, we review for plain error. *United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006). We conclude that the prosecutor did not engage in misconduct: his repeated use of phrases such as "of course" and "right" did not convey to the jury that his arguments were intended "as personal assurances." *United States v. Weatherspoon*, 410 F.3d 1142, 1147 n.3 (9th Cir. 2005). Instead, the statements of which Aguilar-Montoya complains were "phrased in such a manner that it [was] clear to the jury that the prosecutor [was] summarizing evidence rather than inserting personal knowledge and opinion into the case." *United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002).

Aguilar-Montoya also claims that the district court deprived him of his Sixth Amendment right to a jury trial when it calculated the applicable Guidelines sentencing range using 139 kilograms as the amount of marijuana involved in Aguilar-Montoya's offenses, even though the jury had declined to find that more than 50 kilograms was involved. As he concedes, however, his claim is foreclosed by our decision in *United States v. Mercado*, which held that "the use of acquitted

conduct at sentencing does not violate the Constitution." 474 F.3d 654, 657 (9th

Cir. 2007).

**AFFIRMED.**